UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL JESUS GALLEGOS PENA,

Petitioner,

v. Case No.: 2:26-cv-02262-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,

______________________________/

**OPINION AND ORDER**

Before the Court is Emmanuel Jesus Gallegos Pena's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Gallegos Pena is a native and citizen of Cuba. He lawfully entered the United States on October 10, 2023, under the CBP One program. The Department of Homeland Security (DHS) paroled him into the country and commenced removal proceedings by issuing a notice to appear. Gallegos Pena timely applied for adjustment of status under the Cuban Adjustment Act. On April 26, 2024, an immigration judge terminated the removal proceedings with DHS's consent so Gallegos Pena could proceed with adjustment of status. He has no criminal history.

On July 2, 2026, Immigration and Customs Enforcement (ICE) arrested Gallegos Pena on an I-200 warrant because of his immigration status. Gallegos

Pena was not suspected of any crime, and he had not been charged as removable. ICE commenced removal proceedings ten days later by issuing a notice to appear.

Gallegos Pena argues his arrest and detention violated the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. In response, the government argues Gallegos Pena is subject to mandatory detention under 8 U.S.C. § 1225(b). That argument directly contradicts binding Eleventh Circuit precedence—Gallegos Pena's detention is governed by § 1226(a). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The government's response includes no Fifth Amendment analysis.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Gallegos Pena the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).

I-200 warrants issued without a contemporaneous or previously issued notice to appear are invalid. *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 848-53 (N.D. Ill. 2025). It makes sense. § 1226(a) authorizes detention of an alien "pending a decision on whether the alien is to be removed from the United States." A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.[1]

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant

Courts in this district and elsewhere have ordered ICE to release detainees who were arrested under I-200 warrants before issuance of a notice to appear. *See Alejandro Arellano v. Quinones*, No. 26-cv-512-GAP-DCI (M.D. Fla. Mar. 9, 2026); *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026); *Arango v. Genalo*, No. 25-cv-6720 (RER), 2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025); *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

The government violated Gallegos Pena's right to due process by arresting and detaining him before he was in removal proceedings. This is not a mere paperwork error. The undisputed evidence before the Court indicates Gallegos Pena has done everything right—he entered the country lawfully, timely applied for permission to stay, and has not violated any criminal laws or immigration requirements. Rather than offering an explanation or defense for the arrest and detention, the government argues Gallegos Pena is subject to mandatory detention under § 1225(b). That argument is meritless under Eleventh Circuit precedence. But even if Gallegos Pena can be subject to lawful detention, "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie*

can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim the arresting officer had the requisite probable cause here.

*v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Emmanuel Jesus Gallegos Pena's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Gallegos Pena within 24 hours of this Order give him telephone access so he can arrange transportation from the detention facility.

(2) Within three days of this Order, the government shall certify it has released Gallegos Pena from custody.

(3) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record